**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-2994 & 17-2995
_____

ECURIE REVE AVEC MOI INC./DREAM WITH ME STABLE INC., a Canadian
Corporation;
DEO VOLENTE FARMS LLC, a citizen of the State of New Jersey;
TLP STABLE, a New Jersey limited liability company;
JERRY SILVA, a resident of the State of New York,
Appellants in No. 17-2995

v.

NEW JERSEY RACING COMMISSION; FRANCESCO ZANZUCCKI,
individually and as Executive Director of the New Jersey Racing Commission


Francesco Zanzuccki,
Appellant in No. 17-2994
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2:11-cv-04639)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2018
_____

Before: McKEE, VANASKIE[*], and RESTREPO, *Circuit Judges*.

---

[*] The Honorable Thomas I. Vanaskie retired from the Court on January 1, 2019 after the argument and conference in this case, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

(Filed: April 11, 2019)

_____

OPINION[**]

_____

RESTREPO, *Circuit Judge*.

**I.**

This appeal arises from the District Court's partial grant of Defendants' motion to dismiss.

Plaintiff-Appellees Ecurie Reve Avec Moi/Dream With Me Stable, Inc., Deo Volene Farms LLC, TLP Stable, and Jerry Silva ("Plaintiffs") filed this action on August 11, 2011. Plaintiffs claimed, *inter alia*, that Defendants-Appellants the New Jersey Racing Commission ("NJRC") and Francesco Zanzuccki ("Zanzuccki"), the Executive Director of the NJRC, in his official capacity and individually (collectively, "Defendants"), violated Plaintiffs' Fourteenth Amendment due process rights through its handling of the racing suspension of Plaintiffs' horse, Crys Dream. Plaintiffs filed an Amended Complaint on December 23, 2014. Defendants moved to dismiss, arguing that the NJRC and Zanzuccki in his official capacity are immune from suit under the Eleventh Amendment, and that Zanzuccki in his individual capacity is entitled to qualified immunity.

---

[**] This disposition is not an opinion of the full Court and pursuant to 3d Cir. I.O.P. 5.7 does not constitute binding precedent.

2

Following the magistrate judge's Report and Recommendation, the District Court granted Defendants' motion to dismiss claims against the NJRC and Zanzuccki in his official capacity, finding that both were immune from suit under the Eleventh Amendment. It did, however, deny Defendants' motion to dismiss claims against Zanzuccki in his individual capacity, finding that limited discovery relevant to the claim was appropriate. For the reasons that follow, we will affirm.

**II.**

Because we write primarily for the parties who are familiar with this case, we set forth only the facts and history relevant to this decision. After winning at the Mohawk Raceway in Ontario, Canada on June 18, 2011, Crys Dream tested positive for a prohibited substance. In response, the Ontario Racing Commission ("ORC") ordered Crys Dream ineligible to race for ninety days. A short time later, Plaintiffs attempted to enter Crys Dream in a race at the Meadowlands Racetrack in New Jersey. However, pursuant to NJRC's reciprocity regulations, the Meadowlands and NJRC also barred Crys Dream from racing for ninety days in accordance with the ORC order. *See* N.J. Admin. Code §§ 13:71-1.10, 1.12.

In response, Plaintiffs petitioned the NJRC and requested a stay of Crys Dream's ineligibility. On July 14, 2011, the Board of Judges at the Meadowlands denied Plaintiffs' request for relief and affirmed Crys Dream's ninety-day bar. Plaintiffs appealed that decision to the NJRC, which affirmed the Meadowlands' decision on July 18, 2011.

3

Following an unsuccessful appeal to the Superior Court of New Jersey, Appellate Division, the Supreme Court of New Jersey stayed the Meadowlands' determination of Crys Dream's ineligibility per the original Meadowlands' decision, pending the final decision of the NJRC. Thus, for the next two weeks, the horse ran in two races at the Meadowlands and won Plaintiffs a share of both purses.

After Crys Dream's successful runs at Meadowlands, its case was transmitted to the New Jersey Office of Administrative Law ("OAL"), whose decision would be ultimately reviewed by Zanzuccki. Afterwards, Zanzuccki notified Plaintiffs that "all purse money earned or to be earned by Crys Dream would be held by all New Jersey Racetracks pending the issuance of a final decision by the [NJRC]," including the money that had previously been earned when the horse twice raced at the Meadowlands pursuant to the Supreme Court's stay of ineligibility. Defs. App. 133, 166. Zanzuccki explained that if the NJRC were ultimately to affirm the initial ninety-day bar, the previously-won purse money would be "ordered returned to the Meadowlands and redistributed to the appropriate recipients." Defs. App. 166.

A series of rulings followed. The OAL's ALJ ruled that Crys Dream's ban should have been limited to seven days, which is New Jersey's standard for testing positive for prohibited substances. Then, after three 45-day extensions, the NJRC issued a final decision rejecting the ALJ's recommendation. Subsequently, however, New Jersey's Appellate Division reversed the NJRC's ruling, ultimately finding that Crys Dream should not have been barred for ninety days, that the NJRC's decision to allow Crys

4

Dream to race but to withhold any monies won was improperly noticed and thus reversible, and noted that the NJRC's extensions of time were improper.

Following these events, Plaintiffs filed an Amended Complaint in the District Court of New Jersey, alleging violations of 28 U.S.C. § 1983 and their Fourteenth Amendment rights by the NJRC and Zanzuccki in his official and individual capacities. Defendants moved to dismiss on Eleventh Amendment sovereign immunity and qualified immunity grounds pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

On August 11, 2017, the District Court entered an order adopting the magistrate judge's recommendations to dismiss all claims against the NJRC and Zanzuccki in his official capacity on Eleventh Amendment sovereign immunity grounds. It then denied Defendants' motion to dismiss claims against Zanzuccki in his individual capacity, ordering factual discovery on whether he violated clearly established law.

Both parties filed timely appeals. Plaintiffs appeal the dismissal of claims against the NJRC and Zancuccki in his official capacity. Defendants appeal the denial of their motion to dismiss the claims against Zanzuccki in his individual capacity.

**III.**

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. Review of a district court's denial of a motion to dismiss on qualified immunity grounds is *de novo*, and is appealable under the collateral order doctrine. *George v. Rehiel*, 738 F.3d 562, 57 1 (3d Cir. 2013). We will accept a plaintiff's allegations as true and draw all inferences in his or her favor. *Id.*

5

**IV.**

**A.**

The Eleventh Amendment bars private suits against "arms" of a state.  *See* U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890).  Eleventh Amendment sovereign immunity extends to state entities that are sufficiently intertwined with the state to be "arms of the state."  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007).  This sovereign immunity extends to state officials acting in their official capacity.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities" may be sued under § 1983).

We consider whether an entity is an arm of the state by analyzing "(1) whether the payment of judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has."  *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018).  Here, it is clear that the NJRC is an arm of the state of New Jersey.

As the District Court correctly found, there is no statutory authority to suggest that the NJRC, and not the state of New Jersey, would be responsible for payment of adverse judgments.  *Ecurie Reve Avec Moi, Inc. v. New Jersey Racing Comm'n*, No. 11-CV-4639-CCC-MF, 2017 WL 6403001, at *4 (D.N.J. Aug. 11, 2017).  Although the NJRC is authorized to receive monies from certain fees and sales related to racing costs, there is no indication that the NJRC would itself be liable for the payment of judgment simply by virtue of possessing such monies.  *See id.* at *4; N.J. Stat. Ann. § 5:5-129; N.J. Stat. Ann.

6

§ 5:5-152. Thus, the District Court correctly found that the first factor points toward NJRC as an arm of the state.

The NJRC is not a separately incorporated agency. Rather, it has been delegated authority by the state only insofar as needed to regulate horse racing. *See* N.J. Stat. Ann. § 5:5-22; 22.2; *see Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 230-31 (3d Cir. 2006) (when an entity is separately incorporated it is less likely to be an arm of the state). Thus, the District Court correctly found that the second factor points toward NJRC as an arm of the state.

Lastly, the NJRC has been found to be structured as within the New Jersey Executive's control, diminishing its autonomy. *See In re Veto by Governor Chris Christie of Minutes of N.J. Racing Comm'n from June 29, 2011 Meeting*, 58 A.3d 735, 742 (N.J. Super Ct. App. Div. 2012) (citing N.J. Stat. Ann. § 5:5-22:1 (granting the Governor authority to effectively nullify any of the NJSA's actions). This clear lack of autonomy weighs in favor of finding the NJSA an arm of the state.

Under this analysis, the District Court properly determined that the NJSA is indeed an arm of the state. Thus, the NJSA and Zanzuccki in his capacity as an NJSA official are afforded sovereign immunity under the Eleventh Amendment. *Karns*, 879 F.3d at 513; *Will*, 491 U.S. at 71. Plaintiffs' claims against them were therefore properly dismissed.

7

## B.

Having affirmed the dismissal of claims against the NJRC and Zanzuccki in his official capacity, all that remains are the claims against Zanzuccki in his individual capacity.

The District Court denied Defendants' motion to dismiss the claims against Zanzuccki in his individual capacity on the belief that the factual record should be developed further regarding Zanzuccki's cause for the extensions preceding his original NJRC determination. We agree.

Qualified immunity is not afforded to state officials sued in their individual capacities when their official actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). Here, it is undisputed that Plaintiffs have a property interest in their racing license, and so the NJRC's suspension of that license must allow due process under the Fourteenth Amendment. *See Barry v. Barchi*, 443 U.S. 55, 64 (1979).

Qualified immunity will be upheld on a Rule 12(b)(6) motion only when the immunity is established on the face of the Complaint. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). If the facts of the complaint are insufficient to establish a qualified immunity defense, the motion must fail.[1] Thus, the relevant inquiry at this stage is

---

[1] However, the plaintiff does not have a "duty to plead facts relevant to a qualified immunity defense in order to state a claim." *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006).

8

whether the Complaint, on its face, demonstrates that Zanzuccki did not violate a clearly established constitutional right.

The Plaintiffs' Complaint alleges that Zanzuccki's order that purse monies won by Crys Dream be "withheld and embargoed" and his "seeking and obtaining unreasonable extensions" before issuing a final ruling on the matter violated New Jersey law and the Fourteenth Amendment's Due Process clause.[2] *See* Am. Compl. ¶¶ 23-25. As the District Court noted, Zanzuccki's extensions should only have been granted "for good cause shown" under N.J. Stat. Ann. § 52:14B-10(c). Am Compl. ¶ 25.

On the face of the Complaint, it is unclear whether Zanzuccki had good cause for the extensions—thus, a question of fact remains unresolved at this stage. Therefore, we agree with the District Court's ruling and affirm its dismissal of Defendants' motion to dismiss pertaining to claims against Zanzuccki in his individual capacity, and its grant of limited discovery on this issue. *See Thomas*, 463 F.3d at 291, 299.

**V.**

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] It does not allege more.

9